**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MICHAEL THOMPSON,

          Plaintiff,

v.

FAIRWAY INDEPENDENT MORTGAGE
CORP.,

          Defendant.

CIVIL ACTION NO.:  1:26-cv-12307

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Fairway Independent Mortgage Corporation ("Fairway"), hereby removes the above-captioned action from the Massachusetts Superior Court, Hampshire County to this Court based on the following supporting grounds:

### I.    PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.    On or about May 13, 2026, the Plaintiff, Michael Thompson (the "Plaintiff"), commenced this action by filing a complaint (the "Complaint") against Fairway in Massachusetts Superior Court, Hampshire County, captioned *Michael Thompson v. Fairway Independent Mortgage Corp.*, bearing Civil Action No. 2680CV00062. A copy of the Complaint and Civil Action Cover Sheet are attached hereto as **Exhibit A**.

2.    The Complaint arises from the Plaintiff's mortgage (the "Mortgage") encumbering real property known as 128 Boardman Street, Belchertown, Massachusetts (the "Property"). A copy of the Mortgage is attached hereto as **Exhibit B**.

3.    Through the Complaint, the Plaintiff challenges the validity of the Mortgage held by Fairway, claiming the Mortgage was administratively discharged by IRS Forms 1099-C, 1099-

A, and 1099-INT allegedly received by the Plaintiff. Specifically, the Complaint seeks a temporary restraining order and preliminary injunction enjoining Fairway from advancing foreclosure or accelerating the Mortgage and an order for Fairway to execute and record a formal discharge of the Mortgage. (*See generally*, Ex. A.)

## II.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

4.    The United States District Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

### A.    Diversity of Citizenship

5.    First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). The Plaintiff states in the Complaint that he is a citizen of Massachusetts. (*See* Ex. A, ¶ 1.)

6.    Fairway is incorporated under the laws of Texas with a principal place of business in Wisconsin. A copy of Fairway's business entity summary from the Massachusetts Secretary of State is attached as **Exhibit C**. Therefore, under 28 U.S.C. § 1332(c)(1), Fairway is a citizen of Texas and Wisconsin for diversity purposes.

7.    Accordingly, complete diversity exists between the Plaintiff (a citizen of Massachusetts) and Fairway (a citizen of Texas and Wisconsin).

### B.    Amount in Controversy

8.    Second, the amount in controversy exceeds $75,000.00. The Plaintiff has placed the right to title to the Property at issue. (*See generally*, Ex. A.) Where the right to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes. *See Hunt v. Wash. State Apple Advert. Comm'n*,

2

432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed. 2d 282 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-122 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A.15-11799-FDS, 2015 U.S. Dist. LEXIS 89840, at *7-9 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question). Here, the original principal amount of the subject mortgage was $365,500.00. (*See* Ex. B.)

9.      Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00.

### III.    <u>FAIRWAY HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL</u>

10.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since Fairway was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"); *see also Novak v. Bank of N.Y. Mellon Trust Co., NA,* 783 F.3d 910, 911 (1st Cir. 2015) ("[W]e conclude that service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends.").

11.     Additionally, venue properly lies in the District of Massachusetts because the Plaintiff's claims arise out of the mortgage encumbering the Property located in Belchertown, Massachusetts, and the Plaintiff commenced this action initially in Massachusetts Superior Court, Hampshire County.

12.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiff and will be filed with the appropriate clerk, following filing of this Notice of Removal.

13.     Within 28 days of filing this Notice of Removal, Fairway shall file with this Court certified copies of the docket sheet and all documents filed in the state court action, pursuant to L.R. 81.1(a).

14.     Fairway reserves the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

FAIRWAY INDEPENDENT MORTGAGE CORP.

By: Its Attorneys

*/s/ Megan E. Ryan*
Maura K. McKelvey, BBO #600760
Megan E. Ryan, BBO #710300
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
mmckelvey@hinshawlaw.com
meganryan@hinshawlaw.com

Dated:     May 20, 2026

4

1101772\329155807.v1

**<u>CERTIFICATE OF SERVICE</u>**

I, Megan E. Ryan, hereby certify that on this 20th day of May, 2026, I served a true and accurate copy of the foregoing document to the below by first class mail and e-mail:

Michael Thompson
128 Boardman Street
Belchertown, MA 01007
mdt3883@gmail.com

*/s/ Megan E. Ryan*
Megan E. Ryan

1101772\329155807.v1